■ In the Matter of the Claim of WILLIE L. MITCHELL, Respondent, v. WILLIAM STEWART, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed March 16, 1972. Claimant concededly sustained a compensable injury to his low back on January 22, 1969. Thereafter, on March 26, 1969, claimant was involved in an automobile accident. On August 16, 1969, his attending physician, Dr. Porter, performed a lumbar laminectomy, removing the L5, S1 disc. At a hearing held on April 1, 1970, Dr. Porter appeared but did not testify, and the attorneys for the parties stipulated, and the Referee found that 50% of the claimant's disability was causally related to his industrial accident, and that 50% of his disability was due to the automobile accident of March 26, 1969. Claimant, on November 18, 1970, consulted Dr. Gruman, an osteopath, who thereafter treated claimant for low back pain about three times a month using deep heat, medication and osteopathic manipulation. On August 11, 1971, claimant's disability was classified by the Referee as permanent partial moderate in degree, and he further found that claimant was entitled to treatment, and that the treament rendered by Dr. Gruman was reasonable and necessary, which finding the board affirmed. Appellants contend that the board's determination that the treatment rendered by Dr. Gruman was reasonable and necessary is not supported by the evidence, and that the failure of the board to make a finding on the issue of apportionment of the liability for claimant's disability between the industrial accident and the automobile accident does not permit intelligent review of that issue and, therefore, the matter should be remanded for a proper decision. Dr. Gruman testified that claimant's condition would worsen if he did not give

him the treatment, and that his muscles would stiffen as time went on, and he would be able to move less agilely. Although the record contains some medical testimony questioning the benefit or aid of the osteopathic treatments to claimant, there is substantial medical and other evidence to support the board's decision that the treatment was reasonable and necessary. The board found that "based on the probative medical evidence, that the claimant has a permanent moderate partial disability causally related to the accidental injury of January 22, 1969." This finding clearly indicates that the board disregarded the stipulation of the parties made on April 1, 1970, which appellants concede it had the right to do, and decided that the sole cause for claimant's disability was the accidental injury of January 22, 1969 sustained in claimant's employment. Since the board's determination of the cause of claimant's disability is supported by substantial evidence, it should be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Cooke, Main and Reynolds, JJ., concur.